In re WESTCHESTER COUNTY CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., BENEFIT FUND, Debtor.

WESTCHESTER COUNTY CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., BENEFIT FUND, Plaintiff,

v.

WESTCHESTER COUNTY and the Civil Service Employees Association, Inc., Local 100 AFSCME, AFL–CIO, Defendants.

Bankruptcy No. 90 B 20165.
No. 90 ADV. 6023.

United States Bankruptcy Court,
S.D. New York.

March 19, 1990.

Reich and Reich, White Plains, N.Y., Bertine, Hufnagel, Headley & Peltner, Scarsdale, N.Y. (Paul D. Serignano, Sr. Asst. County Atty., White Plains, N.Y., Marilyn J. Slaaten, of counsel), for debtor.

O'Connell and Aronowitz, P.C., Albany, N.Y., Nancy E. Hoffman, Albany, N.Y., for C.S.E.A.

HEARING ON ORDER TO SHOW CAUSE AND COMPLAINT FOR AN ORDER DIRECTING PAYMENT OF CERTAIN TRUST FUNDS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor-plaintiff, Westchester County Civil Service Employees Association, Inc. Benefit Fund ("the debtor") seeks a preliminary injunction in its adversary proceeding to compel the defendant, The Civil Service Employees Association, Inc., Local 1000 AFSCME AFL–CIO ("AFSCME") to turn over the funds delivered to AFSCME by the defendant, Westchester County ("the County") on February 2, 1990 and for calendar months thereafter, for use under Westchester's Benefit Fund in accordance with a collective bargaining agreement with the County for dental, optical and legal expenses incurred by eligible civil service employees of the County. The debtor contends that these proceeds constitute property of the estate within the meaning of 11 U.S.C. § 541 to which the debtor is entitled and which are improperly claimed by AFSCME, a successor union which has not yet negotiated a collective bargaining agreement with the County.

The debtor asserts that under the Triboro Doctrine, which was codified in the New York State Taylor Law, Civil Service Law § 209–a, all of the employee benefits provided for under the debtor's collective bargaining agreement with the County for the period from January 1, 1988 to December 31, 1989, continue until a new collective bargaining agreement is negotiated between the County and AFSCME. In January, 1990, AFSCME won a run-off election to succeed the Westchester union as the collective bargaining agent for the County's civil service employees. AFSCME was certified on February 2, 1990 as the collective bargaining agent for the County's civil service employees and was authorized to enter into a collective bargaining agreement with the County, an event which has not yet occurred.

AFSCME contends that as the successor collective bargaining agent for the County's civil service employees, it established its own benefit plan for the County's civil service employees, effective February 2, 1990 and that notwithstanding the absence of a collective bargaining agreement with the County, AFSCME is entitled to receive the payments which the County is obligated to pay under the Westchester union's collective bargaining agreement with the County. The defendant County agrees with AFSCME's position and has issued a check in the sum of $209,646.90 payable to the order of "CSEA/AFSCME, In Trust for West. Cnty. Unit 9200 Benefit Fund" for

the period from February 2, 1990 to the end of the month. The defendant County has also recognized AFSCME as the party entitled to receive all future payments for Benefit Fund contributions called for under the County's expired collective bargaining agreement with the Westchester union because AFSCME is the newly certified collective bargaining agent for the County's civil service employees.

The debtor argues that the election of AFSCME as the new collective bargaining agent did not terminate the debtor's rights to receive monthly Benefit Fund payments under the former collective bargaining agreement with the County, because until AFSCME exercised its certified right to negotiate a new collective bargaining agreement, the County's obligation to make payments to the debtor's Benefit Fund continued as a matter of labor law principles, notwithstanding that the collective bargaining agreement with the Westchester union expired on December 31, 1989. The debtor notes that the County recognized its continuing obligation to make payments to the debtor's Benefit Fund, despite the termination of the collective bargaining agreement, because the County paid the debtor the monthly Benefit Fund due on January 1, 1990, which was after the expiration of the collective bargaining agreement with the County.

## FINDINGS OF FACT

1. The debtor is an employee benefit trust fund established on February 9, 1981, by a written charter entitled "Agreement and Declaration of Trust". The debtor is a separate entity from its organizing union known as Westchester County Civil Service Employees Association, Inc. The debtor, Benefit Fund, has its own board of trustees which governs its operations. It is a non-profit organization operating in the form of a trust fund for the purpose of providing health and welfare benefits to covered civil service employees of Westchester County.

2. The debtor's charter states the purpose of the Benefit Fund as follows:

The FUND shall be used for the purpose of providing health, welfare and like benefits for covered employees, their families and dependents, as determined by the TRUSTEES.

The FUND shall further provide the payment for the expenses of the TRUSTEES and for expenses incurred in the operation and administration of the FUND in accordance with this AGREEMENT AND DECLARATION OF TRUST.

3. The debtor obtains its funds from monthly installments paid by the defendant, Westchester County, pursuant to a series of collective bargaining agreements between the County and the union of civil service employees known as the Westchester County Civil Service Employees Association, Inc. Until it lost the run-off election to the defendant, AFSCME, the Westchester union was the certified collective bargaining agent for the County's civil service employees. The last collective bargaining agreement between the Westchester Union and the County expired on December 31, 1989.

4. The Westchester County Civil Service Employees Association, Inc. was the exclusive collective bargaining representative for the bargaining unit known as the "Westchester County Unit" which is comprised of approximately 6400 employees of Westchester County.

5. Defendant, AFSCME, is a public employee labor union which represents approximately 250,000 state and local government employees throughout the State of New York.

6. In January of 1990, AFSCME won a run-off election for the right to represent the Westchester County employees in future collective bargaining negotiations with the County. On February 2, 1990, AFSCME was officially certified as the collective bargaining representative of the County's civil service employees and was authorized to enter into collective bargaining negotiations with the County for the purpose of arriving at a new collective bargaining agreement for the County's civil service employees. No new collective bargaining agreement has resulted as of this date.

7. Article X of the expired collective bargaining agreement between the Westchester County Civil Service Employees Association, Inc. for the years 1988 and 1989, provides that the County shall make a certain designated monthly contribution to the debtor, a Benefit Fund, which administered the funds for the County's civil service employees under a Declaration of Trust.

8. On February 1, 1990, one day before AFSCME was officially certified as the collective bargaining representative for the County's civil service employees, it modified the terms of the 1988–1989 collective bargaining agreement between the County and the Westchester union, as concededly continued under the Taylor Law, by changing the designated recipient of the monthly contribution to AFSCME in trust for Westchester County Unit 9200 Benefit Fund.

9. The County agreed to pay the February contribution by splitting the month into two portions; consisting of one day and 27 days. The County paid the debtor the proportionate amount due for one day, namely February 1, 1990, and paid the balance to the defendant, AFSCME pursuant to a check payable to "CSEA/AFSCME in Trust for West. Cnty. Unit 9200 Benefit Fund."

10. The portion of the February 1990 benefit payment which the County remitted to AFSCME for the period commencing February 2, 1990, was then deposited into a bank account designated "CSEA/AFSCME in Trust for the Westchester County Unit Benefit Fund." On February 16, 1990, approximately $135,000.00 of the deposited funds were then wired to AFSCME's general benefit fund that covers all of its other members, thereby commingling these funds with its General Benefit Fund, and made available towards the payment of benefits for the Union's other non-Westchester members.

11. It also appears that the benefits which AFSCME will ultimately cover under its plan will be substantially less than the benefits which the debtor provides under its plan. Therefore, the debtor contends that not only is it liable for accrued benefits prior to February 2, 1990, but that it will be liable for the difference between future benefits to which the Westchester County civil service members are entitled under the debtor's plan and the less generous benefits that will be provided under the defendant, AFSCME's plan.

12. On March 1, 1990, Westchester County remitted the entire March, 1990 contribution to AFSCME which was due in accordance with the terms of the expired collective bargaining agreement between the Westchester County Civil Service Employees Association, Inc. and the County of Westchester.

13. The debtor maintains that until a new collective bargaining agreement is negotiated between the County of Westchester and AFSCME providing for the creation of a benefit fund to administer the benefits due to the 6,400 County civil service employees, the benefit fund administered by the debtor pursuant to the "Agreement and Declaration of Trust" is entitled and obliged under law to receive and administer the payments due from the defendant, Westchester County, for the benefit of the 6,400 County civil service employees covered under the "Agreement and Declaration of Trust." The debtor also seeks an order compelling the defendant, AFSCME, to turn over to the debtor all payments received and to be received from the defendant, Westchester County, on account of the payments due under the expired collective bargaining agreement, until a new collective bargaining agreement is negotiated between Westchester County and AFSCME dealing with the subject of health and welfare benefits covering the 6,400 County civil service employees. Additionally, a temporary injunction is sought to protect the debtor's interests until a determination is made by the court in the debtor's adversary proceeding commenced against Westchester County and AFSCME.

14. On March 1, 1990, Richard Saluga, as Chairperson and a trustee of the debtor benefit fund, filed with this court a petition for reorganizational relief under Chapter 11 of the Bankruptcy Code. In his certificate accompanying the petition, Richard Saluga said that in the judgment of the Trustees, it is desirable and in the best interest

---

of the fund, its creditors, and other interested parties, that the Chapter 11 petition be filed. The need to file a Chapter 11 petition was stated in the petition as caused by the fact that the debtor did not receive the funds due it from the employer, the County of Westchester, to pay members' claims for visual and dental benefits for services rendered to the Westchester union's eligible members up to and including February, 1990.

15. The debtor maintains that it is not a mere conduit between the Westchester union and its eligible members and asserts that in administering the funds through its Trustees, the debtor exercises broad discretionary authority under its Agreement and Declaration of Trust. It determines what kind of benefits are to be provided, what levels of payments will be maintained, who will provide the benefits, and who will handle the claims. The debtor maintains the right to increase or reduce the levels of payments at any time, consistent with the fiduciary responsibilities of the Trustees and manifest intent of the collective bargaining agreement.

### DISCUSSION

The defendant, AFSCME, maintains that on the basis of labor law principles, its certification as the exclusive bargaining representative for the County's civil service employees conferred successor status upon AFSCME as the bargaining representative for the County's employees with the power to waive its rights to the continuation of an expired collective bargaining agreement under the Taylor Law. Therefore, AFSCME contends that its modification of the collective bargaining agreement with Westchester County eliminated any legal or equitable interest of the debtor to the payments due from Westchester County as of February 2, 1990.

The debtor argues that its contract right to receive benefit payments from Westchester County continues until a new collective bargaining agreement is entered into between the County and AFSCME and that such right to payment constitutes property of the estate within the meaning of 11 U.S.C. § 541. The debtor reasons that it is a third-party beneficiary to the collective bargaining agreement between the County of Westchester and the Westchester union which formed the debtor Benefit Fund, namely the Westchester County Civil Service Employees Association, Inc. Therefore, the debtor argues that as a classic third-party beneficiary it is entitled to enforce the agreement, although not expressly named in the collective bargaining agreement, because the debtor is clearly the fund identified in the agreement as the administrator of the employee health and welfare benefits.

The issues raised by the parties at the hearing did not address the most fundamental problem in this case, namely, is there any estate cognizable under the Bankruptcy Code so that the payments due from Westchester County may be regarded as property of the estate within the meaning of 11 U.S.C. § 541?

It is undisputed that the debtor is a separate entity from the Westchester union that organized it. The debtor is a nonprofit trust fund, with a separate Board of Trustees, governed by an "Agreement and Declaration of Trust", which administers funds contributed by Westchester County under a collective bargaining agreement with the debtor's creator, the union known as the Westchester County Civil Service Employees Association, Inc. The funds are applied in payment of allowed dental, optical and legal expenses incurred by members of the union, consistent with the fiduciary responsibilities of the Trustees of the debtor. The debtor does not hold a beneficial interest in the funds because the beneficiaries are the County civil service employees. At best, the debtor holds a bare legal title with respect to the payments from Westchester County and has no equitable interest in such payments. Therefore, in accordance with 11 U.S.C. § 541(d), the most that the debtor could claim with regard to the County's payments is a limited legal interest. However, even this limited legal interest vanishes under the Bankruptcy Code because there is no estate with

standing to assert rights under 11 U.S.C. § 541.

A labor union may be regarded as a "person" within the meaning of 11 U.S.C. § 101(35), which includes "individual", "partnership" and "corporation" within that category. Because a labor union is neither an individual nor a partnership, it will qualify as a "corporation" and will satisfy the definition of "corporation", as used in 11 U.S.C. § 101(8) because a labor union most closely resembles a business trust, as that term is used in U.S.C. § 101(8)(A)(v). Accordingly, as a "person" within the meaning of the Bankruptcy Code, a labor union is eligible to be a debtor under Chapter 11 of the Bankruptcy Code because 11 U.S.C. § 109(d) provides that—"[o]nly a person that may be a debtor under Chapter 7 of this title, except a stockholder or a commodity broker, and a railroad may be a debtor under Chapter 11 of this title." *See Highway & City Freight Drivers, Dockmen and Helpers, Local Union No. 600 v. Gordon Transports, Inc.,* 576 F.2d 1285 (8th Cir.1978), *cert. denied,* 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 678 (1978). (A union is an institution which has some of the powers and privileges of private corporations not possessed by individuals or partnerships and more closely resembling common law business trusts).

However, the debtor is not a labor union. It is a separate trust fund established by a labor union and is governed by trustees under an "Agreement and Declaration of Trust". The debtor trust fund is not engaged in any business activities and does not generate any business profits. If a trust conducts some business or commercial activities for the benefit of the beneficiaries to the enterprise, it may qualify as a "business trust" under 11 U.S.C. § 101(8)(A)(v), and therefore be treated as a "person" within the meaning of 11 U.S.C. § 101(35), so as to be eligible to file a Chapter 11 petition under 11 U.S.C. § 109(d). *In re Medallion Realty Trust,* 103 B.R. 8 (Bankr.D.Mass.1989); *In re Michigan Real Estate Insurance Trust,* 87 B.R. 447 (E.D.Mich.1988) (an unincorporated entity funded by voluntary contributions from individuals in the real estate industry for the purpose of reducing the cost of health care for its members and which operated as a business trust was eligible for Chapter 11 relief). *See In re Maidman,* 2 B.R. 569 (Bkrtcy.S.D.N.Y.1980), *aff'd,* 668 F.2d 682 (2d Cir.1982). (A land trust was a real estate business eligible for former Chapter XII relief).

Generally, trust entities which are either passive or which do not engage in any business activities do not have a separate legal existence from the trustees and therefore, even if the trust is engaged in profit sharing activities, it will not qualify as a business trust and will be ineligible for relief under Chapter 11 of the Bankruptcy Code. *In re St. Augustine Trust,* 109 B.R. 494 (Bankr.M.D.Fla.1990); *In re Cahill,* 15 B.R. 639 (Bankr.E.D.Pa.1981) (a pension trust was not a business trust and was not eligible for Chapter 11 relief).

In view of the fact that the debtor trust does not qualify for Chapter 11 relief, it follows that there is no cognizable estate under the Bankruptcy Code which could justifiably assert property rights under 11 U.S.C. § 541 and which could compel a turn over of property of the estate in accordance with 11 U.S.C. § 541. Therefore, the debtor's request for a preliminary injunction must be denied because the debtor has no likelihood of success in the bankruptcy court.

### CONCLUSIONS OF LAW

1. The debtor is not eligible to file a petition for reorganizational relief under Chapter 11 of the Bankruptcy Code because it is not a business trust and does not qualify as a person within the meaning of 11 U.S.C. § 101(35) and § 109(d).

2. The debtor's motion for a preliminary injunction and for a turn over of property of the estate within the meaning of 11 U.S.C. §§ 541 and 542 must be denied.

SETTLE ORDER on notice.