In re CONSOLIDATED WELFARE FUND "ERISA" LITIGATION.

DEPARTMENT OF LABOR, Plaintiff,

v.

GOLDSTEIN, et al., Defendants.

MDL No. 902.
No. 91–CIV–4031 (LJF).

United States District Court,
S.D. New York.

March 6, 1992.

**126**

Tess J. Ferrara, U.S. Dept. of Labor, Office of the Sol., Plan Benefits Div., Washington, D.C., for plaintiff.

A. Michael Weber, Carter K. Combe, Roberts & Finger, New York City, consenting defendants.

Broderick, Broderick & Redmond, Bayside, N.Y., for William Loeb.

Arnold Pedowitz, New York City, for Benefit Concepts, Inc.

Robert Benneman, Dublirer, Haydon, Straci & Victor, New York City, for Consolidated Local 867.

Richard M. Greenspan, White Plains, N.Y., for Anthony Bergamo.

## ORDER

FREEH, District Judge.

Plaintiff Department of Labor ("DOL") has moved the Court to stay all state and federal court litigation pending against defendant Consolidated Welfare Fund (the "Fund"). The Court has received no objections to the entry of such a stay. Accordingly, for the reasons stated below, the DOL's motion is granted, and all cases against the Fund are stayed until further notice.

## FACTS

The DOL instituted this action in June 1991, against the Fund, past and current Fund trustees, Consolidated Local Union # 867, and certain insurance agencies, which the DOL claims are wholly-owned by Fund trustees. In its complaint, the DOL alleges that the defendants violated the Employee Retirement Income Security Act ("ERISA") and the Taft–Hartley Labor–Management Relations Act by, among other things, self-insuring the Fund and setting premium rates without obtaining a financial audit or actuarial analysis of the Fund's ability to pay claims.

On October 7, 1991, this Court issued an Order permitting Mr. Anthony Bergamo, the Independent Fiduciary previously appointed, to implement a proposed Business Plan for the Fund, subject to certain conditions set out in the Order and in the Independent Fiduciary's Final Report. The Fund having been unable to meet those conditions and having been found to be insolvent, on December 18, 1991, the Court issued an order terminating the Fund and appointed Mr. Bergamo as Fund manager, to oversee its orderly dissolution.[1]

On October 16, 1991, the Panel on Multidistrict Litigation ordered that fourteen actions pending against the Fund in other federal district courts be transferred to this

---

1. In accordance with the termination order, on January 8, 1992, the Court appointed Michael Dell, Esq., and the law firm of Kramer, Levin, Nessen, Kamin & Frankel, as Special Counsel to Mr. Bergamo, to assist Mr. Bergamo in assessing the claims and litigation pending against the Fund, as well as any potential claims the Fund may have against third parties. At a pretrial conference before the Court on February 12, 1992, Mr. Dell reported that efforts are continuing to resolve many of the cases in which the Fund is involved, and further reported that within the next month, he and Mr. Bergamo will be prepared to present to the Court a plan regarding participant suits against the Fund, as well as the distribution of any remaining Fund assets. Another pretrial conference has been scheduled for March 11, 1992, at 4:30 p.m.

Court.[2] The defendants who consented to the appointment of the Independent Fiduciary (the "Consenting Defendants") then moved for a stay of all federal litigation against the Fund. That motion was granted on November 8, 1991, and all federal cases against the Fund have been stayed since that date. The DOL now seeks to extend that stay to all state actions against the Fund until the Court approves a dissolution plan.

## DISCUSSION

The DOL correctly notes that under the All–Writs Act, 28 U.S.C. § 1651, federal district courts are empowered to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Relying on this language, the DOL argues that this Court has authority to enjoin the state court litigation against the Fund. (Motion at 4). More specifically, the DOL asserts that the exceptional circumstances presented by this case warrant the entry of the broad stay requested. (Motion at 5).

We agree. Although the Court is reluctant to interject itself into matters rightfully within the jurisdiction of other courts of concurrent jurisdiction, in order for the Court to effectuate its jurisdiction over this case—and to ensure the Fund's orderly dissolution—it is necessary to stay all litigation against the Fund. *See Benjamin v. Malcolm*, 803 F.2d 46, 53 (2d Cir.1986) (All–Writs Act "authorizes a federal court in exceptional circumstances to issue ... orders to persons 'who, though not parties to

the original action ... are in a position to frustrate the implementation of a court order or the proper administration of justice ...' ") (*quoting United States v. New York Telephone Co.*, 434 U.S. 159, 174, 98 S.Ct. 364, 373, 54 L.Ed.2d 376 (1977)), *cert. denied*, 480 U.S. 910, 107 S.Ct. 1358, 94 L.Ed.2d 528 (1987).

The Court is mindful that the Anti–Injunction Act expressly bars a federal court from staying proceedings in state courts "except as expressly authorized by an Act of Congress or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Some courts have found that the Anti–Injunction Act does not apply where, as here, a stay of state court proceedings is issued at the request of a federal agency, seeking to enforce federal law. *See Securities and Exchange Commission v. Wencke*, 622 F.2d 1363, 1368 (9th Cir.1980) (where federal agency enforcing federal statute requests stay of state court case, Anti–Injunction Act does not apply, even where federal and state actions do not involve identical issues). We need not reach that question, however, given our finding that a broad stay is necessary in aid of our jurisdiction over this case.[3] *See In re Joint Eastern and Southern District Asbestos Litigation*, 134 F.R.D. 32, 37 (E. & S.D.N.Y.1990) ("Courts have interpreted the 'necessary in aid of jurisdiction' exception liberally 'to prevent a state court from ... interfering with a federal court's flexibility and authority' to decide the case before it.") (*quoting Atlantic Coast Line*

**2.** Since that time, a number of other federal cases have been filed, and have also been transferred here.

**3.** Although the Court's jurisdiction over the Fund is not jurisdiction over "property" *per se*, this case is not unlike those in which courts which do have jurisdiction over property preclude other courts from exercising control over that same property. *See Donovan v. City of Dallas*, 377 U.S. 408, 412, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964) (while general rule is that state and federal courts do not interfere with each other's proceedings, if one court has custody of property, that court "has exclusive jurisdiction to proceed"); *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466, 59 S.Ct.

275, 280, 83 L.Ed. 285 (1939) ("[I]f the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought, the jurisdiction of the one court must yield to that of the other."). *See also Lankenau v. Coggeshall & Hicks*, 350 F.2d 61, 64 (2d Cir.1965) (rule regarding court's ability to protect its *in rem* jurisdiction also applies to suits to " 'marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property' ") (*quoting Princess Lida*, 305 U.S. at 466, 59 S.Ct. at 280).

*R.R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970)).

As is well-established by the Court's earlier orders, the Fund is now insolvent, and must be terminated in order to prevent further damage to Fund members. The Independent Fiduciary and Special Counsel are currently in the process of developing a dissolution plan for the Fund. However, given the Fund's limited resources, those efforts will be rendered meaningless if Fund creditors and members who have already filed suit against the Fund are able to obtain judgments against it. This Court will be unable to develop an equitable dissolution plan to protect the rights of *all* Fund creditors and members if we permit a "race to the courthouse" to deplete some or all of the Fund's remaining assets. Like the automatic stay which applies in the bankruptcy context, 11 U.S.C. § 362, a stay of all actions against the Fund will protect the Fund's assets during this interim period.[4]

The Panel on Multidistrict litigation decided to transfer all federal cases against the Fund to this Court because such a transfer would "promote the just and efficient conduct" of the pending litigation. (October 16, 1991 Transfer Order of Panel on Multidistrict Litigation). A brief stay of all state court litigation against the Fund will not only accomplish the same goal, it is the only means by which this Court can ensure that its dissolution plan will not be undermined and its ability to provide some relief to the Fund's creditors and members will not be destroyed. For that reason, the Court orders that all cases against the Fund, whether in state or federal court, are hereby stayed until further notice. Pursuant to Fed.R.Civ.P. 16, the Court encourages all parties engaged in such litigation to contact the Special Counsel in order to discuss settlement of their cases.

SO ORDERED.

---

4. As an employee benefit plan, the Fund is not protected under the Bankruptcy Code. *See In re Westchester County Civil Services Employees Association, Inc., Benefit Fund,* 111 B.R. 451, 455–56 (Bkrtcy S.D.N.Y.1990) ("trust entities which are either passive or which do not engage in any business activities, do not have separate legal existence from the trustees and therefore, even if the trust is engaged in profit sharing activities, will not qualify as a business trust and will be ineligible for relief under Chapter 11 of the Bankruptcy Code"). Nevertheless, the Code is instructive here.